UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

KAVE CONSULTING, LLC, and
POZZO, LLC,

              Plaintiffs,        Case No.

vs.

CHESAPEAKE APPALACHIA, L.L.C.,
EQUINOR USA ONSHORE PROPERTIES, INC.,
ALTA MARCELLUS DEVELOPMENT, LLC,
MITSUI E&P USA LLC, and
LARCHMONT RESOURCES, L.L.C.,

              Defendants.

## COMPLAINT

The Plaintiffs, Kave Consulting, LLC, and Pozzo, LLC ("Kave" and "Pozzo" respectively, with each a "Plaintiff" or "Plaintiffs" collectively), by and through their attorneys, Landy & Rossettie, PLLC, complaining of the Defendants, herein respectfully alleges:

### NATURE OF THE ACTION

1. Plaintiffs bring this action as the owner of an undivided one-half interest in oil, gas and mineral rights located in Leroy Township, Bradford County, Pennsylvania, against the defendants, which own the other one-half interest and have, upon information and belief, produced and sold oil and/or natural gas from the common property without accounting or payment to Plaintiff. Through this action, Plaintiff seeks an accounting of and payment for its share of such production.

### PARTIES

2. Kave is a limited liability company organized and existing under the laws of the State of Michigan.

3. Pozzo is a limited liability company organized and existing under the laws of the State of Michigan.

4. Upon information and belief, defendant Chesapeake Appalachia, L.L.C. ("Chesapeake") is a limited liability company organized and existing under the laws of the State of Oklahoma.

5. Upon information and belief, defendant Equinor USA Onshore Properties, Inc. ("Equinor"), is a business corporation organized and existing under the laws of the State of Delaware.

6. Upon information and belief, defendant Alta Marcellus Development, LLC ("Alta"), is a limited liability company organized and existing under the laws of the State of Delaware.

7. Upon information and belief, defendant Mitsui E&P USA LLC ("Mitsui") is a limited liability company organized and existing under the laws of the state of Delaware.

8. Upon information and belief, defendant Larchmont Resources, L.L.C. ("Larchmont"), is a limited liability company organized and existing under the laws of the State of Oklahoma. Chesapeake, Equinor, Alta, Mitsui and Larchmont will hereinafter be referred to collectively as the "Defendants."

## JURISDICTION AND VENUE

5. Jurisdiction is founded upon diversity of citizenship pursuant to 28 U.S.C. § 1332, because the action is between citizens of different States and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

6. Venue pursuant to 28 U.S.C. § 1391(a) is proper in the United States District Court for the Middle District of Pennsylvania because it is the judicial district in which the

property is situated in which Plaintiffs and Defendants are co-owners of oil, gas and/or mineral interest and thus cotenants in property.

## FACTUAL BACKGROUND

7. The land which is subject to this action is described as follows:

All that certain lot of land situate in the Township of Leroy, Bradford County, Pennsylvania, bounded and described as follows:

<u>Lot No. 1</u>: Beginning at a birch tree, the south east corner of a tract of land in the warrantee name of George Pfeiffer; thence West as originally run one hundred seventy nine and three tenths (179.3) rods to a post in the North line of the Bernard Gratz tract; thence North or parallel to the East line thereof one hundred forty-four (144) rods to a post in the South line of the Frederick Beats tract; thence by the same East as originally run one hundred seventy-nine and three tenths (179.3) rods to a post and stones, the South East corner of the said Beats Warrant, thence South originally run one hundred forty-four (144) rods to the place of beginning. Containing one hundred sixty-one (161) acres, more or less.

Being and intending to describe the same premises conveyed to Jonathan Bellows, *et al.*, by deed from Joseph G. Patton dated March 1, 1886, and recorded in the office of the Recorder of Deeds of Bradford County, Pennsylvania, in Book 164 at page 373.

<u>Lot No. 2</u>: Beginning at a post and stones, a corner of lands in the warrantee names of James Smith and John Barron Jr., being also in the east line of the Seth Willis warrant, thence North 48° East 147 8/10 rods to a point which is supposed to be a corner of lands formerly of A. D. Foss and J. B. Lake, now owned by Jesse Roberts and B. C. Holcomb, thence south in a line parallel with the said Seth Willis line two hundred and seventy eight rods to a point in the South line of said John Barron Jr. warrant; thence South 78° West 147 8/10 rods to a post and stones, a corner of the John Barron Jr. tract; thence South 228 rods to the place of beginning. Being a part of the Said John Barron Jr. warrant and containing 210 acres, more or less.

Being and intending to describe the same premises conveyed to H. W. McCraney by deed of J.G. Patton dated April 4, 1886, and recorded in the office of the Recorder of Deeds of Bradford County, Pennsylvania, in Book 179 at page 446.

These lands will hereinafter be referred to as the "Premises."

8. Prior to 1886, Joseph G. Patton (also known as J.G. Patton) acquired title to the Premises.

9. Said Joseph G. Patton conveyed Lot 1 of the Premises to Jonathan Bellows, *et al.*, by that deed dated March 1, 1886, and recorded in Bradford County Book 164 at page 373.

10. The deed to Jonathan Bellows, *et al.*, included the following provision:

> Reserving however to the grantor herein named and to his heirs, administrators and assigns one half of all coal, iron or other minerals and one half of the natural gas and oil which may be found or developed, upon or from said land, with the right of entry for the producing or protection of the same.

11. Said J.G. Patton conveyed Lot 2 of the Premises to H. W. McCraney by deed dated April 4, 1886, and recorded in the office of the Recorder of Deeds of Bradford County, Pennsylvania in Book 179 at page 446.

12. The deed to H. W. McCraney included the following provision:

> Reserving however to the grantor his heirs and assigns one half of all coal,
>
> minerals, oil or natural gas upon the land hereby conveyed, with the right of entry
>
> for the proper producing, handling or transportation of the same.

13. The reservations of coal, oil, gas and minerals in favor of Jonathan G. Patton (or J.G. Patton) shall be referred to hereinafter as the "Patton Reservation."

14. Upon information and belief, said Joseph G. Patton died on or about October 15, 1899, in Bradford County, Pennsylvania, survived by his sole heir at law, Phoebe A. Griffiths (also spelled Phebe A. Griffiths).

15. In exchange for value, Kave purchased those portions of the Patton Reservation owned previously by certain distant heirs of Joseph G. Patton named Matthew Gast (Bradford County Instrument Number 201709953), David Hilton (Bradford County Instrument Number 201709958), Mathilde Morse Tripathy (Bradford County Instrument Number 201709959), David Tripathy (Bradford County Instrument Number 201709962), Nathan Kimal Tripathy (Bradford County Instrument Number 201709963), James Kirtley Lewis (Bradford County Instrument

Number 201709964), Albert P. Matthews, Jr. (Bradford County Instrument Number 201711032), and Ruth A. Shannon (Bradford County Instrument Number 201711033).

16. In total, Kave purchased an the entire Patton Reservation, being an undivided one-half (50%) interest in and to the oil, gas and minerals of the Premises.

17. Kave subsequently entered into an oil and gas lease with Chief Exploration & Development LLC dated and effective May 1, 2017, for its interest in the Patton Reservation.

18. Kave then conveyed to Pozzo an undivided 0.03234501 interest in the Patton Reservation by virtue of a Mineral deed dated September 13, 2017, and recorded as Bradford County Instrument Number 201716179.

19. Upon information and belief, an oil and gas lease was entered into between William David Gilbert and Jennifer Gilbert, his wife, and Anadarko E&P Company LP dated May 5, 2006, a memorandum of which was recorded to Bradford County Instrument Number 200608930 (the "Gilbert Lease"), by which said Gilberts conveyed to Anadarko E&P Company LP a fee simple determinable interest in the portion they owned at the time of the oil, gas and minerals of the Premises, being upon information and belief 50% of such oil, gas and minerals of the property identified by Bradford County Assessment Number 22-107.00-131-001-000.

20. Upon information and belief, an oil and gas lease was entered into between Dale R. Petty and Helen L. Petty, husband and wife, and Fortuna Energy Inc., dated January 28, 2006, a memorandum of which was recorded to Bradford County Instrument Number 200603113 (the "Petty Lease"), by which said Pettys conveyed to Fortuna Energy Inc. a fee simple determinable interest in the portion they owned at the time of the oil, gas and minerals of the Premises, being upon information and belief 50% of such oil, gas and minerals of the property identified by Bradford County Assessment Number 22-107.00-129-000-000.

21.     Upon information and belief, the Defendants are presently, by virtue of assignment, merger or otherwise, the owners of the lessee interest in the Gilbert Lease and Petty Lease.

22.     Consequently, upon information and belief, Defendants are cotenants with Kave and Pozzo in the oil, gas and minerals of the Premises.

23.     Upon information and belief, the Defendants have caused one or more natural gas wells to be drilled through portions of the Premises and lands in near proximity to the Premises which the Defendants have unitized and/or pooled with the Premises pursuant to pooling or unitization clauses in the Gilbert Lease and/or Petty Lease, which natural gas well(s) have produced substantial amounts of natural gas to be sold.

24.     Upon information and belief, the natural gas wells described in paragraph 23 hereinabove produced volumes of natural gas during a period of time commencing on or about January of 2014, through the present time.

25.     Neither the Plaintiffs nor their predecessors in title to the Patton Reservation consented to the production of any substance from the Premises prior to May 1, 2017, the effective date of the Kave Lease.

26.     No Defendant has paid either Plaintiff any amount of money for the right to drill the above-referenced wells or to produce any volume of any substance therefrom.

## FIRST CAUSE OF ACTION

### (Accounting)

27.     Plaintiff repeats and realleges the foregoing allegations.

28.     Defendants are cotenants in the oil, gas and minerals of the Premises.

29. Defendants own operating interest(s) in the oil and/or gas wells which have been drilled through the Premises or through lands with which portion of the Premises have been (actually or purportedly) unitized and/or pooled.

30. Thus the Defendants are cotenants in possession of the oil, gas and minerals of the Premises.

31. Defendants have not paid anything to either Plaintiff or any predecessor in title to the Plaintiffs for production of any substance from the Premises or any well(s) in proximity to the Premises.

32. Defendants have benefitted from the production of natural gas (or other substances) from the wells through or in proximity to the Premises.

33. Defendants therefore owe the Plaintiffs an accounting of their profits with respect to the Plaintiffs' interest in the oil, gas and minerals of the Premises.

34. Justice and the avoidance of Defendants' unjust enrichment requires that Defendnats account to Plaintiffs for Plaintiffs' just portion of the production from the wells drilled through or in proximity to the Premises.

35. The amount justly due to the Plaintiffs, and the amount to which they have been damaged, exceeds $75,000.00, exclusive of interest or costs, to be further determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully demand that this Court enter judgment:

(a) Against Defendants as to the First Cause of Action;

(b) Awarding damages upon each cause of action in an amount to be determined at trial, but in any event, not less than $75,000.00;

(c) Awarding pre-judgment and post-judgment interest on damages;

(d) Declaring Defendants to be the constructive trustees of Plaintiffs' just proportion of production from the wells described herein;

(e) Directing that Defendants account to Plaintiffs for all income corresponding to Plaintiffs' interest in the Premises and to pay such income to Plaintiffs with interest;

(f) Awarding their costs, expenses, disbursements and attorneys' fees incurred in connection with the action; and

(g) Awarding for the benefit of Plaintiffs such other and/or further relief as the Court finds just and proper.

Dated:      February 4, 2019            Respectfully submitted,

**LANDY & ROSSETTIE, PLLC**

By:      s/ Damian M. Rossettie
Damian M. Rossettie
PA I.D. No. 309953
Attorney for Plaintiff
Landy & Rossettie, PLLC
228 Desmond Street
P.O. Box 206
Sayre, PA 18840-0206
Telephone: (570) 888-7753
Facsimile: (570) 888-9284
E-mail: drossettie@lrlawyers.com