# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAVE CONSULTING, LLC and POZZO, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> CHESAPEAKE APPALACHIA, LLC, EQUINOR USA ONSHORE PROPERTIES, INC., ALTA MARCELLUS DEVELOPMENT, LLC, MITSUI E&P USA, LLC, and LARCHMONT RESOURCES, LLC, <br><br> Defendants. | No. 4:19-CV-00196 <br><br> (Judge Brann) |

## MEMORANDUM OPINION

### SEPTEMBER 26, 2019

**I.    BACKGROUND**

Plaintiffs bring this action for an accounting of their royalty interests in certain oil and gas leases with Defendants in Bradford County, Pennsylvania, predicated on this Court's diversity jurisdiction and brought under Pennsylvania law.  Defendants have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7) asserting that Plaintiffs have failed to join parties under Federal Rule of Civil Procedure 19.  I respectfully disagree and for the reasons that follow, the motion is denied.

## II. DISCUSSION

The theory underlying Federal Rule of Civil Procedure 19 is that "whenever feasible, the persons materially interested in the subject of an action…should be joined as parties so that they may be heard and a complete disposition made."[1] Here, Defendants assert that Plaintiffs have failed to join as "necessary" parties William D. Gilbert, Jennifer Gilbert, and Barc-View Farms, LLC. There are two parcels of land at issue, and Plaintiffs own a combined 50% interest in the mineral rights of each parcel of land. The Gilberts own the remaining 50% of the mineral estate parcel of one parcel of land; Barc-View Farms owns the remaining 50% of the mineral estate parcel of the other parcel of land. The parties appear to agree that the title is clear, and there is no dispute regarding ownership or division of the sub-surface rights.

The dispute arises in the context of the amount of royalties Defendants must pay to Plaintiffs under certain oil and gas leases that have been executed on the properties. The non-named parties, William D. and Jennifer Gilbert and Barc-View Farms, LLC, executed oil and gas leases with Defendants. Plaintiffs aver that they did not consent to natural gas production on those leases between 2006 and 2017, and no consideration has been paid to Plaintiffs for natural gas production during

---

[1] Fed. R. Civ. P. 19 Advisory Committee Notes.

that time period. The instant action is for an accounting of the unpaid share of these royalties.

Federal Rule of Civil Procedure 12(b)(7) provides that a party may move to dismiss an action for "failure to join a party under Rule 19." In this matter, Defendants contend that the Gilberts and Barc-View Farms are "necessary parties" to this action. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, and "a pre-answer challenge to a plaintiff's failure to join an indispensable party is governed by Federal Rule of Civil Procedure 12(b)(7), and not Rule 12(b)(1), even though joinder of that party would destroy diversity jurisdiction".[2]

Since a "Rule 19 inquiry is bifurcated,"[3] I only need turn to the second part of the inquiry if the movant satisfies the first. Under Rule 19(a), a court initially asks whether a party is necessary to an action.[4] Where a party is not a necessary party under Rule 19(a), the question of whether it is indispensable under Rule 19(b) need not be reached.[5] However, if a party is deemed necessary, then joinder must occur, if feasible.[6]

---

[2] *Epsilon-NDT Endustriyel Kontrol Sistemleri Sanayi Ve Ticaret A.S. v. PowerRail Distribution, Inc.*, No. 3:18-CV-00821, 2018 WL 5078276, at *3 (M.D. Pa. Oct. 18, 2018) (Caputo, J.) (internal citations omitted).

[3] *Guthrie Clinic, Ltd. v. Travelers Indem. Co. of Ill.*, 104 Fed.App'x. 218, 221 (3d Cir. 2004).

[4] *See Tullett Prebon PLC v. BGC Partners, Inc.*, 427 Fed.Appx. 236, 239 (3d Cir. 2011).

[5] *See Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 402 (3d Cir. 1993).

[6] *See Tullett Prebon*, 427 Fed.Appx. at 239.

Rule 19(a) states:

(a) Persons Required to Be Joined if Feasible.

(1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
(i) as a practical matter impair or impede the person's ability to protect the interest; or
(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

(2) Joinder by Court Order. If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.

(3) Venue. If a joined party objects to venue and the joinder would make venue improper, the court must dismiss that party.

Defendants argue that the Gilberts and Barc-View Farms are "necessary" pursuant to Rule 19(a)(1)(B)(i) and (ii) because "determination of the named parties' rights would necessarily impede the Gilberts and Barc-View Farms' ability to protect their interest in the subject matter of this litigation—the contractual and property interest in royalty on pre-May 2017 production."[7] Specifically, Rule

---

[7] Def. Br. ECF No. 15 at 9.

19(a)(1)(B)(i) requires that the Court determine whether the non-party will be impaired or impeded from protecting their interests in the subject matter of the litigation. To that end, a court may generally consider whether an absent party has claimed any interest.[8] Here, I cannot agree with Defendants' contention that this action would impede the non-parties protected interests in 2006-2017 production royalties. Since Defendants concede that "royalties attributable to [a reserved portion of mineral rights currently owned by Plaintiffs] had been previously paid to [the Gilberts and Barc-View Farms] pursuant to the terms of their leases,"[9] no interest of the non-parties could be impeded if they are not joined in this action.

Defendants also argue under Rule 19(a)(1)(B)(ii) that because the Gilberts and Barc-View Farms have a potentially competing claim to the royalties Plaintiffs now demand, Defendants are subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations.[10] While Defendants' papers make somewhat vague and conclusory arguments with reference to this subsection of Rule 19, it is not immediately clear whether Defendants argue that they will be subject to multiple or inconsistent obligations; their reply brief, however, clarifies that they are arguing the possibility of "inconsistent" obligations.

---

8 *See Wallkill 5 Assocs. II v. Tectonic Eng'g, P.C.*, No. 95–5984, 1997 WL 452252, at *8 (D.N.J. July 25, 1997).

9 Def. Br. ECF No. 18 at 4.

10 *Id.* at 9.

The United States Court of Appeals for the Third Circuit has held that "the possibility of a subsequent adjudication that may result in a judgment that is inconsistent as a matter of logic" does not trigger the mandates of Rule 19.[11] Indeed, it is well-settled that "'[i]nconsistent obligations' are not ... the same as inconsistent adjudications or results."[12] "Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident."[13] "Rule 19(a)(1)(B)(ii) does not attempt to stop different courts from rendering inconsistent judgments, but rather is aimed at ensuring that parties are not subject to conflicting commands from different courts."[14] Defendants in the case at bar are not at risk of inconsistent outcomes in different forums as to the same issue.

Moreover, Defendants are also not at risk of a double obligation. Defendants make it patently clear in their briefs that they conducted a title search prior to executing leases on the subject parcels and do not dispute the Plaintiffs'

---

[11] *Field v. Volkswagenwerk AG*, 626 F.2d 293, 301-02 (3d Cir. 1980), *disagreed with on other grounds by Newman-Green, Inc. v. Alfonso-Lorrain*, 490 U.S. 826, 834 n.7 (1989).

[12] *See also Winn–Dixie Stores, Inc. v. Dolgencorp, LLC*, 746 F.3d 1008, 1040 (11th Cir. 2014), (*quoting Delgado v. Plaza Las Americas, Inc*., 139 F.3d 1, 3 (1st Cir. 1998) (per curiam) " 'Inconsistent obligations' are not . . . the same as inconsistent adjudications or results."), *and citing School Dist. of City of Pontiac v. Secretary of U.S. Dep't of Educ.*, 584 F.3d 253, 282 (6th Cir. 2009) (en banc) ("Inconsistent obligations arise only when a party cannot simultaneously comply with the orders of different courts."); *Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty. v. California*, 547 F.3d 962, 976 (9th Cir. 2008) ("We adopt the approach endorsed by the First Circuit [in *Delgado*].")).

[13] *Winn-Dixie Stores*, 746 F.3d at 1040.

[14] *New Hampshire Ins. Co. v. Cincinnati* Ins. Co., No. CIV.A. 14-0099-CG-N, 2014 WL 3428911, at *5 (S.D. Ala. July 15, 2014).

one-half interests in the mineral estates of these properties. Any amount now owed to the Plaintiffs would not be a double obligation, as contended, but is instead compensation in the form of royalties that should have been paid to the Plaintiffs during the years 2006-2017.

In light of the foregoing, and this Court's conclusion that the Gilberts and Barc View Farms are not "necessary" parties under Rule 19, I need not turn to the second step of the bifurcated inquiry set forth in this Rule of Civil Procedure.

### III. CONCLUSION

In conclusion, I cite to language from the 1966 Amendment to the Advisory Committee Notes following Federal Rule of Civil Procedure 19 to explain why I will not compel Plaintiffs to join other parties in this action:

> Even if the court is mistaken in its decision to proceed in the absence of an interested person, it does not by that token deprive itself of the power to adjudicate as between the parties already before it through proper service of process. But the court can make a legally binding adjudication only between the parties actually joined in the action. It is true that an adjudication between the parties before the court may on occasion adversely affect the absent person as a practical matter, or leave a party exposed to a later inconsistent recovery by the absent person. These are factors which should be considered in deciding whether the action should proceed, or should rather be dismissed; but they do not themselves negate the court's power to adjudicate as between the parties who have been joined.

Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(7), June 27, 2019, ECF No. 13 is denied.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge